- 37 -

21.  Submissions of Plans.  If Settling Defendant is
required to perform the further response actions pursuant to
Paragraph 20, it shall submit a plan for such work to EPA for
approval in accordance with the procedures set forth in
Section VI (Performance of the Work by Settling Defendant) and
shall implement the plan approved by EPA in accordance with
the provisions of this Decree.

## VIII.  QUALITY ASSURANCE, SAMPLING, AND DATA ANALYSIS

22.  While conducting all sample collection and analysis
activities required by this Consent Decree, the Settling
Defendant shall implement quality assurance, quality control,
and chain of custody procedures in accordance with "EPA
Requirements for Quality Assurance Project Plans for
Environmental Data Operation," (US EPA Quality Assurance
Management Staff: August 1994) (EPA QA/R-5); "EPA NEIC
Policies and Procedures Manual," (May 1986) (EPA 330/978-001-
R); National Functional Guidelines for Inorganic Data Review
(EPA 540/R-94/013) and Modifications to the National
Functional Guidelines for Inorganic Data Review (EPA Region
III: April 1993); National Functional Guidelines for Organic
Data Review (EPA 540/R-94/012) and Modifications to the
National Functional Guidelines for Organic Data Review (EPA
Region III: September 1994); "Region III Innovative Approaches

- 38 -

to Data Validation," (EPA Region III: September 1994); "Data

Quality Objectives Process for Superfund," (EPA 540/R-93/071:

September 1994); and subsequent amendments to such guidelines

upon notification by EPA to Settling Defendant of such

amendment.   Amended guidelines shall apply only to procedures

conducted after such notification.   Prior to the commencement

of any monitoring project under this Consent Decree, Settling

Defendant shall submit to EPA for approval, after a reasonable

opportunity for review and comment by the State, a Quality

Assurance Project Plan ("QAPP") for the Work that is

consistent with the NCP and the guidance documents cited

above.   If relevant to the proceeding, the Parties agree that

validated sampling data generated in accordance with the

QAPP(s) and reviewed and approved by EPA shall be admissible

as evidence, without objection, in any proceeding under this

Decree.   Settling Defendant shall ensure that EPA and State

personnel and their authorized representatives are allowed

access at reasonable times to all laboratories utilized by

Settling Defendant in implementing this Consent Decree.   In

addition, Settling Defendant shall ensure that such

laboratories shall analyze all samples submitted by EPA

pursuant to the QAPP for quality assurance monitoring.

Settling Defendant shall ensure that the laboratories it

- 39 -

utilizes for the analysis of samples taken pursuant to this Decree perform all analyses according to accepted EPA methods. Settling Defendant shall submit to EPA the selected laboratory's(ies') Quality Assurance Program Plan (QAPP) and their qualifications, which shall include, at a minimum, previous certifications, Performance Evaluation (PE) results, equipment lists and personnel resumes.  Settling Defendant shall ensure that all field methodologies utilized in collecting samples for subsequent analysis pursuant to this Decree will be conducted in accordance with the procedures set forth in the QAPP approved by EPA.  At the request of EPA, Settling Defendant shall conduct one or more audits of the selected laboratory(ies) to verify analytical capability and compliance with the QAPP.  Auditors shall conduct lab audits during the time the laboratory(ies) is analyzing samples collected pursuant to this Consent Decree.  The lab audit shall be conducted according to procedures available from the QA Branch.  Audit reports shall be submitted to the EPA Project Coordinator within fifteen (15) days of completion of the audit.  The Settling Defendant shall report serious deficiencies, including all those which adversely impact data quality, reliability or accuracy, and take action to correct such deficiencies within twenty-four (24) hours of the time

- 40 -

the Settling Defendant knew or should have known of the deficiency.

23. Upon request, the Settling Defendant shall allow split or duplicate samples to be taken by EPA and the State or their authorized representatives.  Settling Defendant shall notify EPA and the State not less than ten (10) days in advance of any sample collection activity unless shorter notice is agreed to by EPA.  In addition, EPA shall have the right to take any additional samples that EPA deems necessary. Upon request, EPA shall allow the Settling Defendant to take split or duplicate samples of any samples it takes as part of the Plaintiff's oversight of the Settling Defendant's implementation of the Work.

24. Settling Defendant shall submit to EPA and the State 3 copies of the results of all sampling and/or tests or other data obtained or generated by or on behalf of Settling Defendant with respect to the Site and/or the implementation of this Consent Decree unless EPA agrees otherwise.

25. Notwithstanding any provision of this Consent Decree, the United States hereby retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

- 41 -

## IX.  ACCESS

26.  If the Site, or any other property where access and/or land/water use restrictions are needed to implement this Consent Decree, is owned or controlled by the Settling Defendant,  Settling Defendant shall:

a.  commencing upon the date of lodging of this Consent Decree, provide the United States, the State, and their representatives, including EPA and its contractors, with access at all reasonable times to the Site, or such other property,  for the purpose of conducting any activity related to this Consent Decree including, but not limited to:

i.  Monitoring the Work;

ii.  Verifying any data or information submitted to the United States or the State;

iii.  Conducting investigations relating to contamination at or near the Site;

iv.  Obtaining samples;

v.  Assessing the need for, planning, or implementing additional response actions at or near the Site;

vi.  Implementing the Work pursuant to the conditions set forth in Paragraph 84 of this Consent Decree (Work Takeover);

vii.  Inspecting and copying records, operating

- 42 -

logs, contracts, or other documents maintained or generated by
Settling Defendant or its agents, consistent with Section XXIV
(Access to Information);

        viii.  Assessing Settling Defendant's compliance
with this Consent Decree; and

        ix.  Determining whether the Site or other
property is being used in a manner that is prohibited or
restricted, or that may need to be prohibited or restricted,
by or pursuant to this Consent Decree;

        b.  commencing on the date of lodging of this
Consent Decree, refrain from using the Site, or such other
property, in any manner that would interfere with or adversely
affect the implementation, integrity or protectiveness of the
remedial measures to be implemented pursuant to this Consent
Decree;  and

        c.  upon the request of EPA, execute and record in
the Recorder of Deeds' Office  of Montgomery County,
Commonwealth of Pennsylvania, an easement, running with the
land, that (i) grants a right of access for the purpose of
conducting any activity related to this Consent Decree
including, but not limited to, those activities listed in
Paragraph 26(a) of this Consent Decree, and (ii) grants the
right to enforce the land/water use restrictions listed in

- 43 -

Paragraph 26(b) of this Consent Decree, or other restrictions

that EPA determines are necessary to implement, ensure non-

interference with, or ensure the protectiveness of the

remedial measures to be performed pursuant to this Consent

Decree.  Settling Defendant shall grant the access rights and

the rights to enforce the land/water use restrictions to(i)

the United States, on behalf of EPA, and its representatives,

and (ii) the State and its representatives. Settling Defendant

shall, within forty-five (45) days of entry of this Consent

Decree, submit to EPA for review and approval with respect to

such property:

> i.   A draft easement, in substantially the form
> attached hereto as Appendix B, that is enforceable
> under the laws of the Commonwealth of Pennsylvania,
> free and clear of all prior liens and encumbrances
> (except as approved by EPA), and acceptable under
> the Attorney General's Title Regulations promulgated
> pursuant to 40 U.S.C. § 255; and

> ii.  a current title commitment or report
> prepared in accordance with the U.S. Department of
> Justice Standards for the Preparation of Title
> Evidence in Land Acquisitions by the United States
> (1970) (the "Standards").

Within fifteen (15) days of EPA's approval and acceptance of

the easement, Settling Defendant shall update the title search

and, if it is determined that nothing has occurred since the

effective date of the commitment or report to affect the title

- 44 -

adversely, record the easement with the Recorder of Deeds'
Office of Montgomery County.  Within thirty (30) days of
recording the easement, Settling Defendant shall provide EPA
with final title evidence acceptable under the Standards, and
a certified copy of the original recorded easement showing the
clerk's recording stamps.

27.  If the Site, or any other property where access
and/or land/water use restrictions are needed to implement
this Consent Decree, is owned or controlled by persons other
than the Settling Defendant, Settling Defendant shall use best
efforts to secure from such persons:

a.  an agreement to provide access thereto for
Settling Defendant, as well as for the United States on behalf
of EPA, and the State, as well as their representatives
(including contractors), for the purpose of conducting any
activity related to this Consent Decree including, but not
limited to, those activities listed in Paragraph 26(a) of this
Consent Decree;

b.  an agreement, enforceable by the Settling
Defendant and the United States, to abide by the obligations
and restrictions established by Paragraph 26(b) of this
Consent Decree, or that are otherwise necessary to implement,
ensure non-interference with, or ensure the protectiveness of

the remedial measures to be performed pursuant to this Consent
Decree; and

        c.  upon the request of EPA, the execution and
recordation in the Recorder of Deeds' Office of Montgomery
County, Commonwealth of Pennsylvania, of an easement, running
with the land, that (i) grants a right of access for the
purpose of conducting any activity related to this Consent
Decree including, but not limited to, those activities listed
in Paragraph 26(a) of this Consent Decree, and (ii) grants the
right to enforce the land/water use restrictions listed in
Paragraph 26(b) of this Consent Decree, or other restrictions
that EPA determines are necessary to implement, ensure non-
interference with, or ensure the protectiveness of the
remedial measures to be performed pursuant to this Consent
Decree.  The access rights and/or rights to enforce land/water
use restrictions shall be granted to (i) the United States, on
behalf of EPA, and its representatives, (ii) the State and its
representatives, (iii) parties to the Companion Consent
Decrees and their representatives, and/or (iv) other
appropriate grantees.  Within forty-five (45) days of entry of
this Consent Decree, Settling Defendant shall submit to EPA
for review and approval with respect to such property:

- 46 -

    i.    A draft easement, in substantially the form attached hereto as Appendix B, that is enforceable under the laws of the Commonwealth of Pennsylvania, free and clear of all prior liens and encumbrances (except as approved by EPA), and acceptable under the Attorney General's Title Regulations promulgated pursuant to 40 U.S.C. § 255; and

    ii.   a current title commitment or report prepared in accordance with the U.S. Department of Justice <u>Standards for the Preparation of Title Evidence in Land Acquisitions by the United States</u> (1970) (the "Standards").

Within fifteen (15) days of EPA's approval and acceptance of the easement, Settling Defendant shall update the title search and, if it is determined that nothing has occurred since the effective date of the commitment or report to affect the title adversely, the easement shall be recorded with the Recorder of Deeds' Office of Montgomery County.  Within thirty (30) days of the recording of the easement, Settling Defendant shall provide EPA with  final title evidence acceptable under the Standards, and a certified copy of the original recorded easement showing the clerk's recording stamps.

    28.  For purposes of Paragraph 27 of this Consent Decree, "best efforts" includes the payment of reasonable sums of money in consideration of access, access easements, land/water use restrictions, and/or restrictive easements.  If any access or land/water use restriction agreements required by Paragraphs 27(a) or 27(b) of this Consent Decree are not

obtained within forty-five (45) days of the date of entry of
this Consent Decree, or any access easements or restrictive
easements required by Paragraph 27(c) of this Consent Decree
are not submitted to EPA in draft form within forty-five (45)
days of the date of entry of this Consent Decree, Settling
Defendant shall promptly notify the United States in writing,
and shall include in that notification a summary of the steps
that Settling Defendant has taken to attempt to comply with
Paragraph 27 of this Consent Decree.  The United States may,
as it deems appropriate, assist Settling Defendant in
obtaining access or land/water use restrictions, either in the
form of contractual agreements or in the form of easements
running with the land.  Settling Defendant shall reimburse the
United States in accordance with the procedures in Section XVI
(Reimbursement of Response Costs), for all costs incurred,
direct or indirect, by the United States in obtaining such
access and/or land/water use restrictions including, but not
limited to, the cost of attorney time and the amount of
monetary consideration paid or just compensation.

29.   If EPA determines that land/water use restrictions
in the form of state or local laws, regulations, ordinances or
other governmental controls are needed to implement the remedy
selected in the ROD, ensure the integrity and protectiveness

- 48 -

thereof, or ensure non-interference therewith, Settling
Defendant shall cooperate with EPA's and the State's efforts
to secure such governmental controls.

30.   Notwithstanding any provision of this Consent
Decree, the United States retains all of its access
authorities and rights, as well as their rights to require
land/water use restrictions, including enforcement authorities
related thereto, under CERCLA, RCRA, and any other applicable
statute or regulations.

## X.   REPORTING REQUIREMENTS

31.   In addition to any other requirement of this Consent
Decree, Settling Defendant shall submit to EPA and the State
three (3) copies each of written monthly progress reports or,
commencing upon the completion of any construction activities
required by the Remedial Action Work Plan, quarterly progress
reports  that: (a) describe the actions which have been taken
toward achieving compliance with this Consent Decree during
the previous month; (b) include a summary of all results of
sampling and tests and all other data received or generated by
Settling Defendant or its contractors or agents in the
previous month; (c) identify all work plans, plans, and other
deliverables required by this Consent Decree completed and
submitted during the previous month; (d) describe all actions,

including, but not limited to, data collection and
implementation of work plans, which are scheduled for the next
six weeks (or in the case of a quarterly report the next three
months) and provide other information relating to the progress
of construction, including, but not limited to, critical path
diagrams, Gantt charts, and Pert charts; (e) include
information regarding percentage of completion, unresolved
delays encountered or anticipated that may affect the future
schedule for implementation of the Work, and a description of
efforts made to mitigate those delays or anticipated delays;
(f) include any modifications to the work plans or other
schedules that Settling Defendant has proposed to EPA or that
have been approved by EPA; and (g) describe all activities
undertaken in support of the Community Relations Plan during
the previous month (or quarter as appropriate) and those to be
undertaken in the next six weeks (or in the case of a
quarterly report the next three months).  Settling Defendant
shall submit these progress reports to EPA and the State by
the tenth day of every month following the entry of this
Consent Decree and on the first day of each quarter after
completion of any construction activities required by the
Remedial Action Work Plan until EPA notifies the Settling
Defendant pursuant to Paragraph 51.b of Section XIV

(Certification of Completion).  If requested by EPA, Settling Defendant shall also provide briefings for EPA to discuss the progress of the Work.

32.  The Settling Defendant shall notify EPA of any change in the schedule described in the monthly progress report for the performance of any activity, including, but not limited to, implementation of work plans, no later than seven (7) days prior to the performance of the activity. Notwithstanding the foregoing, the Settling Defendant shall notify EPA of any change in the schedule described in the monthly progress reports for the performance of data collection no later than ten (10) days prior to the performance of such activity.

33.  Upon the occurrence of any event during performance of the Work that Settling Defendant is required to report pursuant to Section 103 of CERCLA or Section 304 of the Emergency Planning and Community Right-to-Know Act (EPCRA), Settling Defendant shall within twenty-four (24) hours of the onset of such event orally notify the EPA Project Coordinator or the Alternate EPA Project Coordinator (in the event of the unavailability of the EPA Project Coordinator), or, in the event that neither the EPA Project Coordinator or Alternate EPA Project Coordinator is available, the EPA Region III

- 51 -

Hotline at (215) 814-3255.  These reporting requirements are in addition to the reporting required by CERCLA § 103 or EPCRA § 304.

34.  Within twenty (20) days of the onset of such an event, Settling Defendant shall furnish to Plaintiff a written report, signed by the Settling Defendant's Project Coordinator, setting forth the events which occurred and the measures taken, and to be taken, in response thereto.  Within thirty (30) days of the conclusion of such an event, Settling Defendant shall submit a report setting forth all actions taken in response thereto.

35.  Settling Defendant shall submit 3 copies of all plans, reports, and data required by the Remedial Design Work Plan, the Remedial Action Work Plan, or any other approved plans to EPA in accordance with the schedules set forth in such plans.  Settling Defendant shall simultaneously submit 2 copies of all such plans, reports, and data to the State.

36.  All reports and other documents submitted by Settling Defendant to EPA (other than the monthly progress reports referred to above) which purport to document Settling Defendant's compliance with the terms of this Consent Decree shall be signed by a Duly Authorized Representative of the Settling Defendant.

## XI.   EPA APPROVAL OF PLANS AND OTHER SUBMISSIONS

37.   After review of any plan, report or other item which is required to be submitted for approval pursuant to this Consent Decree, EPA, after reasonable opportunity for review and comment by the State, shall: (a) approve, in whole or in part, the submission; (b) approve the submission upon specified conditions; (c) modify the submission to cure the deficiencies; (d) disapprove, in whole or in part, the submission, directing that the Settling Defendant modify the submission; or (e) any combination of the above.  However, EPA shall not modify a submission without first providing Settling Defendant at least one notice of deficiency and an opportunity to cure within fourteen (14) days, or such other time as specified by EPA in such notice, except where to do so would cause serious disruption to the Work, or where previous submission(s) have been disapproved due to material defects and the deficiencies in the submission under consideration indicate to EPA a bad faith lack of effort to submit an acceptable deliverable.

38.   In the event of approval, approval upon conditions, or modification by EPA, pursuant to Paragraph 37(a), (b), or (c), Settling Defendant shall proceed to take any action required by the plan, report, or other item, as approved or

- 53 -

modified by EPA subject only to their right to invoke the
Dispute Resolution procedures set forth in Section XIX
(Dispute Resolution) with respect to the modifications or
conditions made by EPA.  In the event that EPA modifies the
submission to cure the deficiencies pursuant to Paragraph
37(c) and the submission has a material defect, EPA retains
its right to seek stipulated penalties, as provided in Section
XX (Stipulated Penalties).

39.   a.   Upon receipt of a notice of disapproval pursuant
to Paragraph 37(d), Settling Defendant shall, within fourteen
(14) days, or such other time as specified by EPA in such
notice, correct the deficiencies and resubmit the plan,
report, or other item for approval.  Any stipulated penalties
applicable to the submission, as provided in Section XX, shall
accrue during the fourteen (14)-day period, or otherwise
specified period, but shall not be payable unless the
resubmission is disapproved or modified due to a material
defect as provided in Paragraphs 40 and 41.

b.   Notwithstanding the receipt of a notice of
disapproval pursuant to Paragraph 37(d), Settling Defendant
shall proceed, at the direction of EPA, to take any action
required by any non-deficient portion of the submission.
Implementation of any non-deficient portion of a submission

shall not relieve Settling Defendant of any liability for stipulated penalties under Section XX (Stipulated Penalties).

40.   In the event that a resubmitted plan, report or other item, or portion thereof, is disapproved by EPA, EPA may again require the Settling Defendant to correct the deficiencies, in accordance with the preceding Paragraphs. EPA also retains the right to modify or develop the plan, report or other item. Settling Defendant shall implement any such plan, report, or  item as modified or developed by EPA, subject only to their right to invoke the procedures set forth in Section XIX (Dispute Resolution).

41.   If upon resubmission, a plan, report, or item is disapproved or modified by EPA due to a material defect, Settling Defendant shall be deemed to have failed to submit such plan, report, or item timely and adequately unless the Settling Defendant invokes the dispute resolution procedures set forth in Section XIX (Dispute Resolution) and EPA's action is overturned pursuant to that Section.  The provisions of Section XIX (Dispute Resolution) and Section XX (Stipulated Penalties) shall govern the implementation of the Work and accrual and payment of any stipulated penalties during Dispute Resolution.  If EPA's disapproval or modification is upheld, stipulated penalties shall accrue for such violation from the

- 55 -

date on which the initial submission was originally required, as provided in Section XX.

42.  All plans, reports, and other items required to be submitted to EPA under this Consent Decree shall, upon approval or modification by EPA, be enforceable under this Consent Decree. In the event EPA approves or modifies a portion of a plan, report, or other item required to be submitted to EPA under this Consent Decree, the approved or modified portion shall be enforceable under this Consent Decree.

## XII.  PROJECT COORDINATORS

43.  The EPA Project Coordinator and Alternate Project Coordinator for this Site are:

EPA Project Coordinator:

Ruth Scharr (3HS21)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103
(215) 814-3191 (phone)
(215) 814-3001 (telefax)

EPA Alternate Project Coordinator:

Anthony Dappalone (3HS21)
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA  19103
(215) 814-3021 (phone)
(215) 814-3001 (telefax)

- 56 -

Within five (5) business days of the effective date this
Consent Decree, Settling Defendant will notify EPA, in
writing, of the name, address and telephone number of its
designated Project Coordinators and Alternate Project
Coordinators.  The Project Coordinators and Alternate Project
Coordinators may be the same person as the Resident Engineer
and/or Supervising Contractor. If a Project Coordinator or
Alternate Project Coordinator initially designated is changed,
the identity of the successor will be given to the other
Parties at least five (5) working days before the changes
occur, unless impracticable, but in no event later than the
actual day the change is made.  The Settling Defendant's
Project Coordinator and Alternate Project Coordinator shall be
subject to acceptance or disapproval by EPA and shall have the
technical expertise sufficient to adequately oversee all
aspects of the Work.  The Settling Defendant's Project
Coordinator and Alternate Project Coordinator shall not be an
attorney for the Settling Defendant in this matter.  The
Settling Defendant's Project Coordinator and Alternate Project
Coordinator may assign other representatives, including other
contractors, to serve as a Site representative for oversight
of performance of daily operations during remedial activities.

- 57 -

44.   Plaintiff may designate other representatives, including, but not limited to, EPA and State employees, and federal and State contractors and consultants, to observe and monitor the progress of any activity undertaken pursuant to this Consent Decree.  EPA's Project Coordinator and Alternate Project Coordinator shall have the authority lawfully vested in a Remedial Project Manager (RPM) and an On-Scene Coordinator (OSC) by the National Contingency Plan, 40 C.F.R. Part 300.  In addition, EPA's Project Coordinator and Alternate Project Coordinator shall have authority, consistent with the National Contingency Plan, to halt any Work required by this Consent Decree and to take any necessary response action when s/he determines that conditions at the Site constitute an emergency situation or may present an immediate threat to public health or welfare or the environment due to release or threatened release of Waste Material.

45.   EPA's Project Coordinator and the Settling Defendant's Project Coordinator will confer, at a minimum, on a monthly basis in person or by telephone.

### XIII.   ASSURANCE OF ABILITY TO COMPLETE WORK

46.   Within thirty (30) days of entry of this Consent Decree, Settling Defendant shall establish and maintain

- 58 -

financial security in the amount of $500,000.00 in one or more
of the following forms:

(a) A surety bond guaranteeing performance of the
Work;

(b) One or more irrevocable letters of credit
equaling the financial security described above ($500,000.00);

(c) A trust fund;

(d) A guarantee to perform the Work by one or more
parent corporations or subsidiaries, or by one or more
unrelated corporations that have a substantial business
relationship with  Settling Defendant; or

(e) A demonstration that the Settling Defendant
satisfies the requirements of 40 C.F.R. § 264.143(f) (for
these purposes, references in 40 C.F.R. § 264.143(f) to "the
sum of the current closure and post-closure cost estimates and
the current plugging and abandonment cost estimates" shall
mean the amount of financial security specified above).

Such financial security shall be maintained by the
Settling Defendant until EPA agrees that the Work has been
completed and issues a Certification of Completion in
accordance with Paragraph 51.b.

47.  If the Settling Defendant seeks to demonstrate the
ability to complete the Work through a guarantee by a third

party pursuant to Paragraph 46(d) of this Consent Decree,
Settling Defendant shall demonstrate that the guarantor
satisfies the requirements of 40 C.F.R. § 264.143(f).  If
Settling Defendant seeks to demonstrate their ability to
complete the Work by means of the financial test or the
corporate guarantee pursuant to Paragraph 46(d) or (e), they
shall resubmit sworn statements conveying the information
required by 40 C.F.R. Part 264.143(f) annually, on the
anniversary of the effective date of this Consent Decree.  In
the event that EPA, after a reasonable opportunity for review
and comment by the State, determines at any time that the
financial assurances provided pursuant to this Section are
inadequate, Settling Defendant shall, within thirty (30) days
of receipt of notice of EPA's determination, obtain and
present to EPA for approval one of the other forms of
financial assurance listed in Paragraph 46 of this Consent
Decree.  Settling Defendant's inability to demonstrate
financial ability to complete the Work shall not excuse
performance of any activities required under this Consent
Decree.

     48.  If Settling Defendant can show that the estimated
cost to complete the remaining Work has diminished below the
amount set forth in Paragraph 46 above after entry of this

- 60 -

Consent Decree, Settling Defendant may, on any anniversary date of entry of this Consent Decree, or at any other time agreed to by the Parties, reduce the amount of the financial security provided under this Section to the estimated cost of the remaining work to be performed.  Settling Defendant shall submit a proposal for such reduction to EPA, in accordance with the requirements of this Section, and may reduce the amount of the security upon approval by EPA.  In the event of a dispute, Settling Defendant may reduce the amount of the security in accordance with the final administrative or judicial decision resolving the dispute.

49.  Settling Defendant may change the form of financial assurance provided under this Section at any time, upon notice to and approval by EPA, provided that the new form of assurance meets the requirements of this Section.  In the event of a dispute, Settling Defendant may change the form of the financial assurance only in accordance with the final administrative or judicial decision resolving the dispute.

## XIV.   CERTIFICATION OF COMPLETION

50. Completion of the Remedial Action

a.  Within ninety (90) days after Settling Defendant concludes that the Remedial Action with respect to Work at the Source Location has been fully performed and the Performance

- 61 -

Standards for the Source Location that is specified in Appendix C have been attained, Settling Defendant shall schedule and conduct a pre-certification inspection to be attended by Settling Defendant, EPA, and the State if the State so elects.  If, after the pre-certification inspection, the Settling Defendant still believes that the Remedial Action has been fully performed and the Performance Standards for the Source Location that is specified in Appendix C have been attained, they shall submit a written report requesting certification by a registered professional engineer stating that the Remedial Action has been completed in full satisfaction of the requirements of this Consent Decree.  The written report shall include as-built drawings signed and stamped by a professional engineer.  The report shall contain the following statement, signed by a Duly Authorized Representative of a Settling Defendant or the Settling Defendant's Project Coordinator:

> "To the best of my knowledge, after thorough investigation, I certify that the information contained in or accompanying this submission is true, accurate and complete.  I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations."

- 62 -

If, after completion of the pre-certification inspection and
receipt and review of the written report, EPA, after
reasonable opportunity for review and comment by the State,
determines that the Remedial Action or any portion thereof has
not been completed in accordance with this Consent Decree or
that the Performance Standards have not been achieved, EPA
will notify Settling Defendant in writing of the activities
that must be undertaken by Settling Defendant pursuant to this
Consent Decree to complete the Remedial Action and achieve the
Performance Standards.  Provided, however, that EPA may only
require Settling Defendant to perform such activities pursuant
to this Paragraph to the extent that such activities are
consistent with the  "scope of the remedy selected in the
ROD," as that term is defined in Paragraph 14.b and to the
extent that such activities (except for providing hook-up to
public water as required by the ROD) are to be conducted
within the boundaries of the Source Location.  EPA will set
forth in the notice a schedule for performance of such
activities consistent with the Consent Decree or require the
Settling Defendant to submit a schedule to EPA for approval
pursuant to Section XI (EPA Approval of Plans and Other
Submissions).  Settling Defendant shall perform all activities
described in the notice in accordance with the specifications

- 63 -

and schedules established pursuant to this Paragraph, subject
to their right to invoke the dispute resolution procedures set
forth in Section XIX (Dispute Resolution).

b. If EPA concludes, based on the initial or any
subsequent report requesting Certification of Completion and
after a reasonable opportunity for review and comment by the
State, that the Remedial Action for the Source Location has
been performed in accordance with this Consent Decree and that
the Performance Standards for the Source Location have been
achieved, EPA will so certify in writing to Settling
Defendant.  This certification shall constitute the
Certification of Completion of the Remedial Action for
purposes of this Consent Decree, including, but not limited
to, Section XXI (Covenants Not to Sue by Plaintiff).
Certification of Completion of the Remedial Action shall not
affect Settling Defendant's obligations under this Consent
Decree.

51. Completion of the Work

a.  Within ninety (90) days after Settling Defendant
concludes that all phases of the Work (including O & M), have
been fully performed, Settling Defendant shall schedule and
conduct a pre-certification inspection to be attended by
Settling Defendant, EPA and the State, if the State so elects.

- 64 -

If, after the pre-certification inspection, the Settling

Defendant still believes that the Work has been fully

performed, Settling Defendant shall submit a written report by

a registered professional engineer stating that the Work has

been completed in full satisfaction of the requirements of

this Consent Decree.  The report shall contain the following

statement, signed by a Duly Authorized Representative of a

Settling Defendant or the Settling Defendant's Project

Coordinator:

> "To the best of my knowledge, after thorough
> investigation, I certify that the information
> contained in or accompanying this submission is
> true, accurate and complete.  I am aware that there
> are significant penalties for submitting false
> information, including the possibility of fine and
> imprisonment for knowing violations."

If, after review of the written report, EPA, after reasonable

opportunity for review and comment by the State, determines

that any portion of the Work has not been completed in

accordance with this Consent Decree, EPA will notify Settling

Defendant in writing of the activities that must be undertaken

by Settling Defendant pursuant to this Consent Decree to

complete the Work.  Provided, however, that EPA may only

require Settling Defendant to perform such activities pursuant

to this Paragraph to the extent that such activities are

consistent with the "scope of the remedy selected in the ROD,"

- 65 -

as that term is defined in Paragraph 14.b and to the extent

that such activities (except for providing hook-up to public

water as required by the ROD) are to be conducted within the

boundaries of the Source Location.  EPA will set forth in the

notice a schedule for performance of such activities

consistent with the Consent Decree or require the Settling

Defendant to submit a schedule to EPA for approval pursuant to

Section XI (EPA Approval of Plans and Other Submissions).

Settling Defendant shall perform all activities described in

the notice in accordance with the specifications and schedules

established therein, subject to their right to invoke the

dispute resolution procedures set forth in Section XIX

(Dispute Resolution).

      b.   If EPA concludes, based on the initial or any

subsequent request for Certification of Completion by Settling

Defendant and after a reasonable opportunity for review and

comment by the State, that the Work has been performed in

accordance with this Consent Decree, EPA will so notify the

Settling Defendant in writing.

## XV.   EMERGENCY RESPONSE

     52.   In the event of any action or occurrence during the

performance of the Work which causes or threatens a release of

Waste Material from the Site that constitutes an emergency

- 66 -

situation or may present an immediate threat to public health

or welfare or the environment, Settling Defendant shall,

subject to Paragraph 53, immediately take all appropriate

action to prevent, abate, or minimize such release or threat

of release, and shall immediately notify the EPA's Project

Coordinator, or, if the Project Coordinator is unavailable,

EPA's Alternate Project Coordinator.  If neither of these

persons is available, the Settling Defendant shall notify the

EPA Region III Hotline at (215) 814-3255.  Settling Defendant

shall take such actions in consultation with EPA's Project

Coordinator or other available authorized EPA officer and in

accordance with all applicable provisions of the Health and

Safety Plans, the Contingency Plans, and any other applicable

plans or documents developed pursuant to this Consent Decree.

In the event that Settling Defendant fails to take appropriate

response action as required by this Section, and EPA takes

such action instead, Settling Defendant shall reimburse EPA

all costs of the response action not inconsistent with the NCP

pursuant to Section XVI (Payment of Response Costs).

53.  Nothing in the preceding Paragraph or in this

Consent Decree shall be deemed to limit any authority of the

United States to (a) take all appropriate action to protect

human health and the environment or to prevent, abate, respond

to, or minimize an actual or threatened release of Waste

Material on, at, or from the Site, or (b) direct or order such

action, or seek an order from the Court, to protect human

health and the environment or to prevent, abate, respond to,

or minimize an actual or threatened release of Waste Material

on, at, or from the Site, subject to Section XXI (Covenants

Not to Sue by Plaintiff).

### XVI.  PAYMENT OF RESPONSE COSTS

54.  EPA has determined that the Settling Defendant is

entitled to Orphan Share consideration, as that term is

defined in EPA's Interim Guidance on Orphan Share Compensation

for Settlors of Remedial Design/Remedial Action and Non-Time-

Critical Removals, in an amount equal to EPA's past costs and

future Oversight Costs for OU3 in connection with the Source

Location as defined in Appendix C.

55.  a. Settling Defendant shall reimburse the EPA

Hazardous Substance Superfund for all Future Response Costs

(excluding Oversight Costs) not inconsistent with the National

Contingency Plan incurred with respect to the Work at the

Source Location or with respect to connection to public water

as required by the ROD, including, without limitation, Future

Response Costs incurred pursuant to paragraph 52.  The United

States will send Settling Defendant a bill requiring payment

- 68 -

that includes a cost summary, setting forth direct and indirect costs incurred by EPA, DOJ, and their contractors on a periodic basis.  Settling Defendant shall make all payments within thirty (30) days of Settling Defendant's receipt of each bill requiring payment.  The Settling Defendant shall make all payments required by this Paragraph in the form of a certified or cashier's check or checks made payable to "EPA Hazardous Substance Superfund" and referencing the EPA Region and Site/Spill ID #03W9, the DOJ case number 90-11-2-06024/10, and the name and address of the party making payment.  The Settling Defendant shall send the check(s) to United States Environmental Protection Agency, Region III, Attention: Superfund Accounting, P.O. Box 360515, Pittsburgh, PA  15251-6515, and shall send copies of the check(s) to the United States as specified in Section XXVI (Notices and Submissions) and to the Docket Clerk (3RC00), United States Environmental Protection Agency, Region III, 1650 Arch Street, Philadelphia, PA  19103.

56.  Settling Defendant may contest payment of any Future Response Costs under Paragraph 55 if it determines that the United States has made an accounting error or if it alleges that a cost item that is included represents costs that are inconsistent with the NCP or outside the scope of the Work at

the Source Location or connection to public water as required by the ROD. Such objection shall be made in writing within thirty (30) days of receipt of the bill and must be sent to the United States pursuant to Section XXVI (Notices and Submissions). Any such objection shall specifically identify the contested Future Response Costs and the basis for objection. In the event of an objection, the Settling Defendant shall within the thirty (30) day period pay all uncontested Future Response Costs to the United States in the manner described in Paragraph 55. Simultaneously, the Settling Defendant shall establish an interest-bearing escrow account in a federally-insured, duly chartered, bank in the Commonwealth of Pennsylvania and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. The Settling Defendant shall send to the United States, as provided in Section XXVI (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account.

Simultaneously with establishment of the escrow account, the Settling Defendant shall initiate the Dispute Resolution procedures in Section XIX (Dispute Resolution).  If the United States prevails in the dispute, within five (5) days of the resolution of the dispute, the Settling Defendant shall pay the sums due (with accrued interest) to the United States in the manner described in Paragraph 55.  If the Settling Defendant prevails concerning any aspect of the contested costs, the Settling Defendant shall pay that portion of the costs (plus associated accrued interest) for which they did not prevail to the United States in the manner described in Paragraph 55; Settling Defendant shall be disbursed any balance of the escrow account.  The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIX (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding the Settling Defendant's obligation to reimburse the United States for its Future Response Costs.

57.  In the event that the payments required by Paragraph 55 are not made within thirty (30) days of the Settling Defendant's receipt of the bill, Settling Defendant shall pay Interest on the unpaid balance.  The Interest on Future Response Costs shall begin to accrue on the date of the bill.

- 71 -

The Interest shall accrue through the date of the Settling Defendant's payment.  Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to make timely payments under this Section.  The Settling Defendant shall make all payments required by this Paragraph in the manner described in Paragraph 55.

## XVII.   INDEMNIFICATION AND INSURANCE

58.   a.   The United States does not assume any liability by entering into this agreement or by virtue of any designation of Settling Defendant as EPA's authorized representatives under Section 104(e) of CERCLA.  Settling Defendant shall indemnify, save, and hold harmless the United States, and its officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling

- 72 -

Defendant as EPA's authorized representative under Section 104(e) of CERCLA.  Further, the Settling Defendant agrees to pay the United States all costs it incurs including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of Settling Defendant, its officers, directors, employees, agents, contractors, subcontractors, and any persons acting on its behalf or under its control, in carrying out activities pursuant to this Consent Decree.  The United States shall be held out as a party to any contract entered into by or on behalf of Settling Defendant in carrying out activities pursuant to this Consent Decree.  Neither the Settling Defendant nor any such contractor shall be considered an agent of the United States.

b.  The United States shall give Settling Defendant notice of any claim for which the United States plans to seek indemnification pursuant to Paragraph 56.a., and shall consult with Settling Defendant prior to settling such claim.

59.  Settling Defendant waives all claims against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States, arising from or on account of any contract, agreement, or arrangement

- 73 -

between any Settling Defendant and any person for performance
of Work on or relating to the Site, including, but not limited
to, claims on account of construction delays.  In addition,
Settling Defendant shall indemnify and hold harmless the
United States with respect to any and all claims for damages
or reimbursement arising from or on account of any contract,
agreement, or arrangement between Settling Defendant and any
person for performance of Work on or relating to the Site,
including, but not limited to, claims on account of
construction delays.

60.  No later than fifteen (15) days before commencing
any on-site Work, Settling Defendant shall secure, and shall
maintain comprehensive general liability insurance with limits
of two million dollars, combined single limit, and automobile
liability insurance with limits of $500,000, combined single
limit, naming the United States as an additional insured.  In
addition, for the duration of this Consent Decree, Settling
Defendant shall satisfy, or shall ensure that their
contractors or subcontractors satisfy, all applicable laws and
regulations regarding the provision of worker's compensation
insurance for all persons performing the Work on behalf of
Settling Defendant in furtherance of this Consent Decree.
Prior to commencement of the Work under this Consent Decree,

- 74 -

Settling Defendant shall provide to EPA certificates of such insurance and a copy of each insurance policy.  Settling Defendant shall resubmit such certificates and copies of policies each year on the anniversary of the effective date of this Consent Decree.  If Settling Defendant demonstrates by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or subcontractor, Settling Defendant need provide only that portion of the insurance described above which is not maintained by the contractor or subcontractor.  Settling Defendant may satisfy the provisions of this Paragraph 60 if it submits to EPA for approval one of the financial assurance mechanisms of Section XIII (Assurance of Ability to Complete Work) in at least the amounts stated in this Paragraph 60 demonstrating that Settling Defendant is able to pay any claims arising out of Settling Defendant's performance of its obligations under this Consent Decree.  Such financial assurance mechanism shall meet all of the requirements of Section XIII (Assurance of Ability to Complete Work).  If Settling Defendant seeks to utilize the mechanisms set forth in Section XIII (Assurance of Ability to Complete Work) to

- 75 -

satisfy the provisions of this Paragraph 60, it must demonstrate an ability to pay the amounts required under this Paragraph, above and beyond that required by the obligations of Section XIII (Assurance of Ability to Complete Work).

## XVIII.  FORCE MAJEURE

61.  "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of the Settling Defendant, of any entity controlled by Settling Defendant, or of Settling Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Settling Defendant's best efforts to fulfill the obligation.  The requirement that the Settling Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring, and (b) following the potential force majeure event, such that the delay is minimized to the greatest extent possible.  "Force Majeure" does not include financial inability to complete the Work, a failure to attain the Performance Standards, or increased costs.

62.  If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree,

- 76 -

whether or not caused by a force majeure event, the Settling Defendant shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's Alternate Project Coordinator within forty-eight (48) hours of when Settling Defendant first knew that the event might cause a delay. Within five (5) days thereafter, Settling Defendant shall provide in writing to EPA and the State an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Settling Defendant shall include with any notice all available documentation supporting its claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Settling Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Settling Defendant

shall be deemed to know of any circumstance of which Settling

Defendant, any entity controlled by Settling Defendant, or

Settling Defendant's contractors knew or should have known.

63.   If EPA, after a reasonable opportunity for review

and comment by the State, agrees that the delay or anticipated

delay is attributable to a force majeure event, the time for

performance of the obligations under this Consent Decree that

are affected by the force majeure event will be extended by

EPA, after a reasonable opportunity for review and comment by

the State, for such time as is necessary to complete those

obligations.  An extension of the time for performance of the

obligations affected by the force majeure event shall not, of

itself, extend the time for performance of any other

obligation.  If EPA, after a reasonable opportunity for review

and comment by the State, does not agree that the delay or

anticipated delay has been or will be caused by a force

majeure event, EPA will notify the Settling Defendant in

writing of its decision.  If EPA, after a reasonable

opportunity for review and comment by the State, agrees that

the delay is attributable to a force majeure event, EPA will

notify the Settling Defendant in writing of the length of the

extension, if any, for performance of the obligations affected

by the force majeure event.